JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-00808-RGK (FMOx) | Date | March 1, 2012 |
|---|---|---|---|
| Title | ***NATHAN BROOKS v. GOODYEAR TIRE & RUBBER CO.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On January 30, 2012, Defendant Goodyear Tire & Rubber Co. ("Defendant") removed the action from Los Angeles County Superior Court to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but does not succeed on the facts alleged.

Defendant calculates that Plaintiff would be due approximately $16,046.70 in lost wages at the time of removal. Defendant argues that this amount plus the amount that may be awarded for punitive damages and attorneys' fees would make the amount in controversy in this case exceed $75,000. However, Defendant's argument relies on several assumptions regarding the amount in controversy without any demonstration that the amount in controversy is more likely than not to be met.

The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Even with the inclusion of attorneys' fees and punitive damages in the calculation, Defendant is no closer to carrying its burden because there is

no basis for estimating these damage amount. *See id.* Accordingly, Defendants has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |